UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILEUM INC.,<br>        Plaintiff,<br>    v.<br>KIBOTT SARL, et al.,<br>        Defendants. | Case No. 23-cv-01413-HSG<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 29 |

Pending before the Court are Plaintiff's administrative motions to file under seal all exhibits to and significant portions of its complaint in this recently closed case. Dkt. Nos. 2, 29. For the reasons below, the Court **DENIES** the motions without prejudice.

### I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id*.

6      The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id*. Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal "must explore all reasonable alternatives to filing documents
12 under seal, minimize the number of documents filed under seal, and avoid wherever possible
13 sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
14 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15 alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

16     Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24  **II.   DISCUSSION**

25     Plaintiff filed their first administrative motion to seal portions of their complaint and all
26 associated exhibits upon initiating this action. Dkt. No. 2. They then filed a second (essentially
27 identical) motion to seal in conjunction with their motion for entry of default, which attached as
28 supporting exhibits the complaint (in both English and French) and related materials. Dkt. No. 29.

1   Because the complaint is the pleading on which this action is based and clearly more than
2   tangentially related to the underlying cause of action, the Court applies a "compelling reasons"
3   standard to the motion. *See, e.g.*, *Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-CV-00023-
4   EMC, 2023 WL 1931849 at *1 (N.D. Cal. Feb. 9, 2023) ("[T]he Court agrees . . . that there must
5   be compelling reasons to seal any portion thereof because 'a complaint is the foundation of a
6   lawsuit.'"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862 (N.D.
7   Cal. Aug. 31, 2018); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963
8   at *2 (N.D. Cal. Sept. 25, 2013).

9   Plaintiff Mobileum contends that compelling reasons exist to seal portions of the operative
10  complaint and the entirety of the four motions appended thereto because the material proposed to
11  be sealed (1) is confidential and proprietary under the parties' Framework Services Agreement, (2)
12  could be used by competitors to undercut Mobileum in the marketplace, and (3) cannot be
13  protected through less restrictive means. *See generally* Dkt. Nos. 2, 29.

14  Though Plaintiff argues the proposed sealing is "minimal," Dkt. No. 2 at 4, the Court finds
15  that an overly modest description. For example, Plaintiff's proposed redactions in the "Factual
16  Allegations" portion of the complaint are significant enough to preclude any working
17  understanding of the contours of the dispute. *See* Dkt. No. 1 ¶¶ 10–62. The redactions of the
18  exhibits, meanwhile, are all-encompassing. While Plaintiff is certainly correct that "closely-
19  negotiated or consumer-specific terms" can be sealable in this circuit, and that compelling reasons
20  may exist to seal sensitive business information, Plaintiff has not articulated with any particularity
21  how the allegations at issue in the complaint (or the entirety of the appended exhibits) contain the
22  types of information properly susceptible to sealing. This is their burden. *See Kamakana*, 447
23  F.3d at 1178–79 (holding that in circumstances such as these, the party moving for sealing must
24  "articulate compelling reasons supported by specific factual findings that outweigh the general
25  history of access and the public policies favoring disclosure."). That the parties designated
26  material as confidential is of course insufficient by itself to justify sealing a document. Civil L.R.
27  79-5(d)(1)(A).
28  The Court finds that Plaintiff's generic explanation is insufficient to warrant sealing,

1  particularly here, given that many of the allegations contained in the proposed redactions bear
2  directly on the claims in this case and do not appear to the Court to be obviously commercially
3  sensitive.  That said, the Court recognizes that sealing *some* information in the complaint and
4  associated exhibits may be appropriate.  It also recognizes that appropriate sealing will likely not
5  unduly hamper the public's understanding of these judicial proceedings now that the matter has
6  settled without the Court weighing in on the merits.  *See In re iPhone Application Litig.*, No. 11-
7  MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in
8  accessing these documents is even further diminished in light of the fact that the Court will not
9  have occasion to rule on [the motion at issue].").  Accordingly, while the Court denies Plaintiff's
10 motions to seal, Dkt. Nos. 2, 29, it will do so without prejudice.

### III.   CONCLUSION

The Court **DENIES** Plaintiff's motions to seal, Dkt. Nos. 2, 29, and **DIRECTS** Plaintiff to file on the docket either unredacted versions of Dkt. Nos. 2 and 29, or revised (as in more narrowly tailored and/or more robustly substantiated) motions to seal, by November 30, 2023.

**IT IS SO ORDERED.**

Dated: 11/17/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge