UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILEUM INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KIBOTT SARL, et al.,<br><br>    Defendants. | Case No. 23-cv-01413-HSG<br><br>**ORDER GRANTING PLAINTIFF'S AMENDED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 66 |

Pending before the Court is Plaintiff's amended administrative motion to file under seal portions of its complaint and related exhibits, and portions of two exhibits attached to Amal El Bakha's declaration in support of Plaintiff's motion for entry of default against defendants. Dkt. No. 66. For the reasons below, the Court **GRANTS** the motion.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id*. The Court must "balance[] the competing
6  interests of the public and the party who seeks to keep certain judicial records secret. After
7  considering these interests, if the court decides to seal certain judicial records, it must base its
8  decision on a compelling reason and articulate the factual basis for its ruling, without relying on
9  hypothesis or conjecture." *Id*. Civil Local Rule 79-5 supplements the compelling reasons
10 standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal
11 "must explore all reasonable alternatives to filing documents under seal, minimize the number of
12 documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil
13 L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will
14 result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See*
15 Civil L.R. 79-5(c).

16     Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24     **II.**    **DISCUSSION**

25     Plaintiff filed this amended sealing motion to address the deficiencies identified by the
26 Court in is November 17, 2023 order denying Plaintiff's motions to seal (a) portions of its
27 complaint and all of appended Exhibits A-D, Dkt. No. 2, and (b) portions of Exhibits 1 and 4
28 (containing English and French versions of its complaint, respectively) of Amal El Bakhar's

1  declaration, which was filed in support of Plaintiff's request for entry of default against
2  defendants, Dkt. No. 29. Dkt. No. 65. The redactions proposed in those motions were broad,
3  covering large swaths of the complaint and the entirety of the associated exhibits. *See id*. Because
4  the Court found that Plaintiff had not demonstrated compelling reasons to maintain such sweeping
5  redactions of a fundamental case document like the complaint, it ordered Plaintiff to file either
6  unredacted versions of Dkt. Nos. 2 and 29 or "revised (as in more narrowly tailored and/or more
7  robustly substantiated) motions to seal." Dkt. No. 65 at 4. Plaintiff opted for the latter, and timely
8  filed an amended motion to seal on November 30, 2023. Dkt. No. 66 ("Amended Mot.").

   Plaintiff's amended motion still concerns the sealing of its operative complaint, associated
Exhibits A-D, and versions of the operative complaint in English ("Exhibit 1") and French
("Exhibit 4") which Plaintiff filed in connection with its request for entry of default. *See generally*
Amended Mot. Given the nature of documents at issue, the Court applies the "compelling
reasons" standard to the motion since they clearly are more than tangentially related to the
underlying cause of action. *See, e.g.*, *Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-CV-
00023- EMC, 2023 WL 1931849 at *1 (N.D. Cal. Feb. 9, 2023) ("[T]he Court agrees . . . that
there must be compelling reasons to seal any portion thereof because 'a complaint is the
foundation of a lawsuit.'"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL
10454862 (N.D. Cal. Aug. 31, 2018); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK,
2013 WL 5366963 at *2 (N.D. Cal. Sept. 25, 2013).

   Plaintiff argues that it has now narrowly tailored its redactions to the Complaint, Exhibits
A-D, and Exhibit 1 to redact only information "that would harm the competitive standing of
Mobileum, including its confidential business information related to (1) the installation and
operation of its proprietary software platform, (2) the names of specific customers and end-users
for Mobileum's proprietary software platform, and (3) customer-specific terms, all of which could
be used by other customers or competitors to harm Mobileum's business interests." Amended
Mot. at 5. It further argues that the harm engendered by publication of the redacted material "far
outweighs the interest of the public in learning Mobileum's confidential business information at
this stage in the proceeding." *Id*.

1     The Court agrees, observing that Plaintiff significantly reduced its proposed redactions as
2 compared to its original request, and has narrowed these redactions to cover sensitive business
3 information instead of mundane factual allegations. The harm of revealing this information –
4 which arguably reflects "essential, closely-negotiated or consumer-specific terms" – is that it
5 "could be used by competitors to undercut the litigant or by potential customers to demand more
6 favorable terms in negotiations." *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370, 2020 WL
7 836737, at *3 (N.D. Cal. 2020). This harm is not outweighed by the public's interest in
8 disclosure. Given that the parties resolved the dispute without the Court ever relying on the
9 documents at issue in any judicial proceeding or substantive ruling, the public's interest in
10 *complete* disclosure of the complaint allegations and associated exhibits is reduced, since the
11 materials at issue do not aid the public's understanding of judicial proceedings. *See Hussain v.*
12 *Burger King Corp.*, No. 22-CV-02258-HSG, 2023 WL 2940032, at *2 (N.D. Cal. Mar. 15, 2023);
13 *see also In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2
14 (N.D. Cal. Nov. 25, 2013). Unlike the prior iteration, then, Plaintiff's currently proposed
15 redactions strike a balance between holding back commercially sensitive details that could harm
16 Plaintiff, while also providing the public with sufficient information to understand the contours of
17 this dispute.

18     Plaintiff additionally maintains that the public's interest in disclosure of Exhibit 4 – the
19 French translation of the complaint – is *so* reduced that compelling reasons exist to seal it in its
20 entirety. Amended Mot. at 5. Because all of the information the public is entitled to see will be
21 disclosed in the English version of the complaint and Exhibits A-D, and because the Court never
22 considered the French translation (in part because the associated motion for entry of default was
23 withdrawn before this Court issued a decision), the Court agrees that compelling reasons exist to
24 seal this document in full.

25     Accordingly, the Court finds compelling reasons to **GRANT** Plaintiff's request to seal the
26 following documents as proposed in the formats in which they have been provided to the Court:
27 //
28 //

4

| Filing | Redactions |
|---|---|
| 1. Complaint | In Paragraphs 17, 21, 23-24, 26-27, 29-31, 35-37, 41, 43-44, and 47 |
| 2. Exhibit A to the Complaint | In Sections 3-4, 9-10, 12-15 and Attachment A |
| 3. Exhibit B to the Complaint | In all Sections |
| 4. Exhibit C to the Complaint | In Section 1 |
| 5. Exhibit D to the Complaint | In Sections 1-6 and 8-9 |
| 6. Exhibit 1 to the Declaration of Amal El Bakhar in Support of Mobileum's Request for Entry of Default Against Defendants Kibott SARL, Olaf Funke and Celine Dellis ("El Bakhar Decl.") | In Paragraphs 17, 21, 23-24, 26-27, 29-31, 35-37, 41, 43-44, and 47 |
| 7. Exhibit 4 to the El Bakhar Decl. | Entire Exhibit under seal |

### III.     CONCLUSION

The Court **GRANTS** Plaintiff's amended administrative motion to seal.

**IT IS SO ORDERED.**

Dated: 12/7/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5